IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mitito Twitty, | ) | C/A No.: 0:23-39-SAL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| First Financial Asset | ) | |
| Management, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Mitito Twitty ("Plaintiff"), proceeding pro se, filed this case on January 5, 2023, against First Financial Asset Management, Inc. ("Defendant") asserting violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") based on Defendant allegedly contacting Plaintiff by telephone after being informed Plaintiff refused to pay the applicable debt. [*See* ECF Nos 1, 9].

This matter comes before the court on Plaintiff's motion to strike affirmative defenses. [ECF No. 15]. Defendant opposes Plaintiff's motion. [ECF No. 18]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), this matter has been referred to the undersigned for all pretrial proceedings. For the reasons that follow, the court denies Plaintiff's motion to strike.

I.   Factual and Procedural Background

On February 9, 2023, Defendant filed its answer to Plaintiff's amended complaint. [ECF No. 10]. In its answer, Defendant asserted the following affirmative defenses:

> Plaintiff has failed to state a claim upon which relief can be granted.
>
> Plaintiff's claims may be barred by the statute of limitations.
>
> Any violation of law by Defendant, which is specifically denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.
>
> Plaintiff failed to mitigate any damages which Plaintiff may have suffered.
>
> Plaintiff has suffered no compensable damages.
>
> At all pertinent times, Defendant acted with due care and in a reasonable manner.
>
> At all pertinent times, Defendant complied with the Fair Debt Collection Practices Act ("FDCPA").
>
> Defendant respectfully reserves the right to assert any additional affirmative defenses that may be revealed during the course of discovery.

*Id.* at 5–6. Plaintiff then filed a motion to strike the affirmative defenses included in Defendant's answer, arguing the defenses "are insufficient, frivolous, vague, conclusory, and without factual basis." [ECF No. 15 at 2].

II.   Discussion

Fed. R. Civ. P. 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A A. Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380 (2d ed. 1990)). Whether to grant a motion to strike under Rule 12(f) is within the sound discretion of the court. *See GTSI Corp. v. Wildflower Int'l, Inc.*, C/A No. 1:09-123, 2009 WL 2160451, at *4 (E.D. Va. July 17, 2009).

Plaintiff argues that the court should employ the heightened pleading standards as articulated by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) to Defendant's affirmative defenses.[1] In these cases, the Court established that a plaintiff

---

[1] Defendant informs the court as follows:

> Defendant notes that Plaintiff's Motion to Strike is essentially *identical* to Motions to Strike filed by different pro se plaintiffs in at least three other cases. *See Jones v. Credit Control Corporation*, Eastern District of Virginia, Newport News Division, Case No. 4:21-cv-00147-RCY-DEM at Doc. 6; *James v. State Collection Service, Inc.*, Central District of California, Case No. 3:22-cv-05237-RJB at Doc. 11; *Dotson v. Enhanced Recovery Company, LLC*, Western District of Oklahoma, Case No. 5:21-cv-

3

must not only provide fair notice of his or her claims but also plead sufficient facts that show that the right to relief is plausible. Mere "formulaic recitation[s] of the elements of a cause of action" or allegations that only state "labels and conclusions" or "naked assertion[s]" devoid of "further factual enhancement" do not meet the pleading standards for a complaint. *Twombly*, 550 U.S. at 555–57. Plaintiff admits, however, that the Fourth Circuit has not held that *Twombly*'s plausibility standard applies to affirmative defenses. [*See* ECF No. 15 at 6].

"District courts in the District of South Carolina are divided on whether the applicable standard [to affirmative defenses] is that of *Twombly* and *Iqbal* or a lower standard"; however, "recent decisions appear to weigh in favor of applying a lower pleading standard to affirmative defenses." *Yacht Basin Provision Co., Inc. v. Inlet Provision Co.*, C/A No. 2:22-02180-DCN, 2022 WL 17068795, at *6 (D.S.C. Nov. 17, 2022) (collecting cases and holding

---

01110-C. Defendant believes that this strategy of filing a form "Motion to Strike" is designed by Vance Dotson (who titles himself the "credit doctor"), who markets his abilities to serve as a lawyer and/or mentor to pro se plaintiffs across the country, in an effort to force defendants to incur additional defense costs and thus strong-arm settlements. This reality suggests Plaintiff's Motion to Strike is not brought in good faith based on the application of facts or law but instead would have been filed *regardless* of what Affirmative Defenses were set forth by Defendant in this case.

[ECF No. 18 at 2 n.2 (emphasis in original)].

that the fair notice pleading standard applies to affirmative defenses). As explained by this court:

> Rule 8(a) of the Federal Rules of Civil Procedure—which governs claims for relief, such as those made in a complaint—requires "a short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). *Iqbal* and *Twombly* addressed whether a complaint's allegations were sufficient to meet Rule 8(a)(2)'s requirement that a complaint show that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679, 682–83; *Twombly*, 550 U.S. at 555–57. By contrast, Rule 8(b)(1)(A)—which governs defenses—provides that "a party must . . . *state* in short and plain terms its defenses to each claim asserted against it," and Rule 8(c)(1)—which governs affirmative defenses—provides that "a party must *affirmatively state* any avoidance or affirmative defense." Fed. R. Civ. P. 8(b)(1)(A), (c)(1) (emphasis added). Thus, whereas Rule 8's pleading provision "uses 'showing,' its response and affirmative-defense provisions use 'state,' and the analyses in *Iqbal* and *Twombly* relied on 'showing.'" *Hand Held Prod., Inc.* [*v. Code Corp.*, No. 17-167-RMG, 2017 WL 2537235, at \*5 (D.S.C. June 9, 2017)] (quoting *Ability Hous. of Ne. Florida, Inc. v. City of Jacksonville*, No. 3:15-CV-1380-J-32PDB, 2016 WL 816586, at \*1 (M.D. Fla. Mar. 2, 2016)); *see also Palmetto Pharms. LLC v. AstraZeneca Pharms. LP*, No. 2:11-CV-00807-SB-JDA, 2012 WL 6025756, at \*7 (D.S.C. Nov. 6, 2012) ("Notably, Rules 8(b) and 8(c) are 'markedly less demanding' than Rule 8(a)."), report and recommendation adopted, No. 2:11-CV-00807, 2012 WL 6041642 (D.S.C. Dec. 4, 2012).
>
> Recent decisions by courts in this District have held that, in light of the textual differences among the various provisions of Rule 8, "*Twombly* and *Iqbal* do not provide the pleading standard applicable to affirmative defenses." *Hand Held Prod.*, 2017 WL 2537235, at \*6; *Cohen v. SunTrust Mortg., Inc.*, No. 3:16-CV-02513-CMC, 2017 WL 1173581, at \*3 (D.S.C. Mar. 30, 2017) ("This court joins what appears to be the recent trend in finding the *Twombly-Iqbal* standard inapplicable to affirmative defenses."). The undersigned finds the reasoning of these decisions persuasive and likewise finds that affirmative defenses

are not subject to the pleading standard announced in *Twombly* and *Iqbal*.

*Cionci v. Wells Fargo Bank, N.A.*, C/A No. 9:21-03175-BHH-MHC, 2022 WL 18584373, at *2 (D.S.C. Dec. 6, 2022). The undersigned also finds the reasoning of these decisions persuasive and declines Plaintiff's invitation to apply the *Twombly/Iqbal* standard to Defendant's affirmative defenses.

There is another instance wherein the court could apply a heightened pleading standard. Fed. R. Civ. P. 9(b) imposes a heightened pleading standard for allegations of fraud or mistake. The Fourth Circuit has held "that defendants must satisfy Rule 9(b) when they plead affirmative defenses sounding in fraud." *Bakery & Confectionary Union & Indus. Int'l Pension Fund v. Just Born II, Inc.*, 888 F.3d 696, 704 (4th Cir. 2018).

The court declines to apply this heightened pleading standard as well. The only affirmative defense this standard could apply to is Defendant's "bona fide error" affirmative defense, wherein Defendant asserts that:

> Any violation of law by Defendant, which is specifically denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

[ECF No. 10 at 6].

However, the parties have not cited to, nor is the court aware, of case law from either the Fourth Circuit or this district supporting the application of the Fed. R. Civ. P. 9(b) fraud standard to a "bona fide error" affirmative

6

defense, grounded in 15 U.S.C. § 1692k(c). *See* 15 U.S.C. § 1692k(c) ("A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows *by a preponderance of evidence* that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.") (emphasis added)); *see also Johnson v. Credit Bureau Collection Servs.*, C/A No. 1:20-1639, 2021 WL 5810506, at *3 n.3 (M.D. Pa. Apr. 28, 2021) ("[W]e are persuaded by the reasoning in *Sexton v. Evergreen Vill. Cmty. MHC, LLC*, which held that 'mistake,' as used in Rule 9(b), is a term of art referring to contract law. No. 2:19-CV-00675-CW-JCB, 2020 WL 7038501 (D. Utah July 20, 2020). To hold otherwise would require heightened pleading for a vast number of causes of action, which we are not prepared to do . . . . Further, the evidentiary standards for a contractual mistake and a 'bona fide error' differ such that requiring heightened pleading for a mistake makes sense: the bona fide error defense must be proved by a preponderance of the evidence, and a mistake must be established by clear and convincing evidence."); *Ruff v. Credit Adjustment, Inc.*, C/A No. 2:18-CV-351, 2018 WL 4019464, at *3–4 (S.D. Ohio Aug. 23, 2018) (collecting cases, stating that "district courts have varied widely with their approach to which pleading standard a defendant must meet when asserting a bona fide error defense," and determining that, absent direction from Sixth Circuit, Fed. R. Civ. P. 8 applies); *Sellers v.*

*Rushmore Loan Mgmt. Servs., LLC*, C/A No. 3:15-1106-J-32PDB, 2016 WL 11431489, at *4 n.4 (M.D. Fla. May 26, 2016) (declining to find that Fed. R. Civ. P. 9(b)'s particularity requirement applies to bona fide error allegations under the FDCPA because, *inter alia*, to strike the defense and allow amendment would only slow progress and increase the costs of litigation); *Amaya v. Crowson & Crowson, LLP*, C/A No. EP-13-00130-DCG, 2013 WL 12126784, at *2 (W.D. Tex. Aug. 19, 2013) (collecting cases, finding that "a review of courts nation-wide reveals that applying Rule 8's pleading standard when considering a motion to strike a § 1692k(c) 'bona fide error' defense is the majority position," and determining that the heightened pleading standard of Fed. R. Civ. P. 9 is not applicable to a bona fide error defense); *but see Bureau of Consumer Financial Protection v. Fair Collections & Outsourcing, Inc.*, No. GJH-19-2817, 2021 WL 2685251, at *3 (D. Md. June 30, 2021) ("At the pleading stage, a bona fide error defense is subject to the heightened pleading standard of Rule 9(b), which applies to allegations of fraud or mistake.").

Accordingly, the court will not apply the heightened pleading standard to Defendant's affirmative defenses as found in either *Twombly/Iqbal* or in Fed. R. Civ. P. 9(b). "Prior to the Supreme Court's decisions in *Twombly* and *Iqbal*, the United States Court of Appeals for the Fourth Circuit held that general statements of affirmative defenses were sufficient provided they gave

8

plaintiffs fair notice of the defense." *Hand Held Prod.*, 2017 WL 2537235, at *6; *see Clem v. Corbeau*, 98 F. App'x 197, 203 (4th Cir. 2004) ("An affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense." (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1274, at 455–56 (2d ed. 1990))).

Upon review of Defendant's answer, the court concludes that Defendant's general statements of its affirmative defenses provide Plaintiff fair notice of Defendant's affirmative defenses and, therefore, meet Fed. R. Civ. P. 8(c)'s standard. Plaintiff can determine the details of these defenses through discovery. Plaintiff's motion to strike is denied.

III.  Conclusion

For the foregoing reasons, Plaintiff's motion to strike [ECF No. 15] is denied.

IT IS SO ORDERED.

March 13, 2023                                    Shiva V. Hodges
Columbia, South Carolina                  United States Magistrate Judge

9